## ARTHUR MCMANUS'S CASE.

Suffolk.    December 12, 1934. — January 3, 1935.

Present: RUGG, C.J., CROSBY, FIELD, & DONAHUE, JJ.

*Workmen's Compensation Act*, Injuries to which act applies.

A finding, made by the Industrial Accident Board in proceedings under the workmen's compensation act, that an injury sustained by a caddy employed by a golf club did not arise out of and in the course of his employment, was warranted on evidence that the employer permitted the caddies to play golf on its course at certain times and that while said caddy, at such a time, was at a tee on the course for the purpose of playing, he was struck by a club swung by another caddy who was about to play.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board denying compensation.

Material facts are stated in the opinion. By order of *Hanify*, J., a decree dismissing the claim for compensation was entered. The employee appealed.

*E. A. Hudson*, for the claimant.

*G. Gleason*, for the insurer, submitted a brief.

CROSBY, J. This is a proceeding under the workmen's compensation act. The employee, a boy sixteen years old, was employed as a caddy by the Trapelo Golf Club. On the morning of June 12, 1933, while he was standing on the first tee of the employer's golf course watching two other caddies who were preparing to play golf, one of them took a practice swing with his club without looking to see if any one was behind him and struck the claimant "across the nose and above the right eye." The caddies were permitted by the club to play golf on Monday mornings. The only question for decision is whether or not the injury arose out of and in the course of the employment. The single member found that the claimant's testimony was in accordance with the truth. He stated that he was constrained to find that the injury was not one which arose out of and in the course of the claimant's employment and for that reason he dismissed the claim. The reviewing board upon the evidence approved this finding and dismissed the claim, and a final decree was entered accordingly.

It is plain that the findings were warranted and that the ruling was correct. It is conceded by the insurer that on Monday mornings the caddies themselves were permitted to use the golf course, that the claimant was about to avail himself of this opportunity, and that while waiting on the first tee he was injured. While he waited he did so for a purpose of his own and not for anything having to do with his employment or connected with it. It has been frequently decided by this court that an injury to an employee may arise out of and in the course of his employment even if he is not actually engaged in the performance of specific duties of his employment. *Sundine's Case,* 218 Mass. 1. *Von*

*Ette's Case,* 223 Mass. 56, 61.  *White* v. *E. T. Slattery Co.*
236 Mass. 28, 34.  The principle of these cases, however,
is not applicable when, as here, the facts show that the
claimant was standing upon the tee waiting for an oppor-
tunity to play golf for his own pleasure.  There was no
evidence which would warrant a finding that at the time
the injury was received he was engaged in any work for his
employer.  His employment did not require him to be at
the tee, and he was not engaged in any work or aiding in
any way the performance of duties for which he was em-
ployed.  In these circumstances a finding would not be
warranted that his injuries arose out of and in the course
of his employment.  The case at bar is governed by *O'Toole's
Case,* 229 Mass. 165, *Rochford's Case,* 234 Mass. 93, *Maron-
ofsky's Case,* 234 Mass. 343, *Babineau's Case,* 254 Mass.
214, *Savage's Case,* 257 Mass. 30, and *Horton's Case,* 275
Mass. 572.

*Decree affirmed.*