JOE BUBIS, PETITIONER-PROSECUTOR, v. FLOCKHARDT FOUNDRY COMPANY, RESPONDENT-DEFENDANT.

Argued October 6, 1937—Decided November 4, 1937.

Before Justices BODINE, HEHER and PERSKIE.

For the petitioner-prosecutor, *Perry Belfatto* (*John A. Laird,* of counsel).

For the respondent-defendant, *Edward R. McGlynn.*

BODINE, J. The prosecutor was employed as a chipper at the defendant's plant. The building in which he worked was unheated. The employes, however, were permitted to build fires in crude stoves called salamanders for their comfort. The prosecutor, preparatory to lighting a fire, had placed wood in the stove. He poured over the wood a small quantity of gasoline with the intention of later striking a match. However, before this was done there was a flare-up because some embers from a previous fire were at the bottom of the stove. The flare-up caused the injuries from which the prosecutor suffers and for which he seeks recovery.

The Court of Common Pleas in dismissing the petition reversed the bureau and held that in taking the added risk involved by the use of gasoline to kindle the fire the act of the employe was not a reasonable incident to his employment, was not contemplated by it and was entirely outside its scope.

"The injuries of an employe incurred in protecting himself from cold have been held to arise out of and in the course of employment." 71 *Corp. Jur.* 672.

A leading case in this state is *Kolaszynski* v. *Klie*, 91 *N. J. L.* 37. In that case part of a servant's duty was to light the fires. She had been forbidden to use kerosene or anything like that. She used wood alcohol which flaring up caused her death. The court said: "The only question is whether the injury was by accident arising out of, and in the course of, her employment. That it was by accident is not questioned. It was a fortuitous event which might indeed be expected but might never happen. We must conclude that it arose out of, and in the course of, the employment, unless the disobedience of orders prevents that conclusion. The disobedience of orders in this case was a disobedience of orders as to the way in which the work should be done. The work itself was the very work decedent was expected to do. It was done at the very place where it was meant to be done."

In the case before us there was no disobedience of orders. The mere fact that the employe chose gasoline rather than wood alcohol is no reason to bar recovery. The prosecutor suffered his injury by reason of the negligent manner in

which he did the work which he was intended to do and which he was doing at the very place where it was meant to be done.

In *Bolos* v. *Trenton Fire Clay Co.*, 102 *N. J. L.* 479, 481, the court said: "It is argued that it was negligence on his part to jump on the running-board of the truck. But negligence does not bar recovery in a proceeding such as this under section 2 of the Workmen's Compensation act. *Taylor* v. *Seabrook*, 87 *N. J. L.* 407." * * * "The test to be applied to determine whether or not an accident arose out of and in the course of employment has been stated in *Bryant* v. *Fissell*, 84 *Id.* 72, as follows: 'An accident arises in the course of the employment if it occurs while the employe is doing what a man so employed may reasonably do within a time during which he is employed, and at a place where he may reasonably be during that time.' * * * 'An accident arises out of the employment when it is something the risk of which might have been contemplated by a reasonable person, when entering the employment, as incidental to it.' * * * 'A risk is incidental to the employment when it belongs to or is connected with what a workman has to do in fulfilling his contract of service.' * * * 'A risk may be incidental to the employment when it is either an ordinary risk directly connected with the employment, or an extraordinary risk which is only indirectly connected with the employment owing to the special nature of the employment.' "

Clearly the prosecutor was expected to light the fire for his comfort. It is fairly common practice to take some means of applying an inflammable fluid in order to hasten the combustion of the materials used in kindling a fire. It was the practice at defendant's plant to use paints, lubricating oil and gasoline for this purpose.

"But the thoughtless and negligent use of a match, or heedlessness in smoking, while the deceased was so engaged in his master's service (near a pail of gasoline) would not defeat a claim for compensation under the act. The obligation to make compensation is imposed upon the employer without regard to the negligence of the employe. Paragraph 7, sec-

tion II, of the statute provides that compensation, in cases of personal injury or death of an employe resulting from an accident arising out of and in the course of his employment, shall be made *'in all cases* except when the injury or death is intentionally self-inflicted, or when intoxication is the natural and proximate cause of the injury.' See *Dixon* v. *Andrews*, 91 *N. J. L.* 373; *affirmed*, 92 *Id.* 512; *Taylor* v. *Seabrook*, 87 *Id.* 407." *Belyus* v. *Wilkinson, Gaddis & Co.*, 115 *N. J. L.* 43.

The injury in this case was due to a fortuitous event which might have been expected but which might never happen.

The injury was due to the negligent manner in which the employe did his work and the English cases relied upon by the Court of Common Pleas and by the respondent in its argument before us are inapplicable upon the facts adduced. It cannot be said that an employe under a duty to kindle a fire should be barred from recovery merely because he chose gasoline rather than wood alcohol as a means to facilitate combustion. But for the ember in the combustion chamber nothing violent would have occurred in either case.

The judgment of the Court of Common Pleas is reversed, and the judgment of the bureau is affirmed, with costs.