## MAURICE J. NAGLE'S CASE.

Suffolk.    March 6, 1939. — June 28, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Workmen's Compensation Act*, Injuries to which act applies.  *Agency,*
Scope of employment.

Circumstances in which an employee after his lunch on the day before
Christmas left his place of employment on the second floor of his
employer's premises, went to the third floor to "visit girls" and
attend a celebration and, in returning, fell on stairs, did not war-
rant a finding by the Industrial Accident Board that injuries thus
received arose out of and in the course of his employment.

CERTIFICATION to the Superior Court of a decision by
the Industrial Accident Board awarding compensation.

By order of *F. T. Hammond,* J., the claim was dismissed.
The claimant appealed.

*F. J. Linehan, Jr.,* for the claimant.

*E. B. Cass,* for the insurer.

QUA, J.   The employee was injured by a fall on a stair-
way on his employer's premises as he was descending from
the third floor to his place of work on the second floor at
the close of the noon hour.

According to the employee's testimony he had returned
from his lunch, hung up his coat on the second floor near
"the work bench," and then went to the third floor "to
visit girls."   It was the day before Christmas, and there
was evidence that "some of the girls" were having "some
sort of celebration" on the third floor.   There was an en-
tire absence of any evidence that the employee's visit to
the third floor had any connection whatever with his work,
or that persons working on the second floor were in the habit
of going to the third floor, or even that they were permitted
to go there.   Although the employee was returning to his
work at the time of his injury, there was no evidence that
he was returning by a route which he was expected or

allowed to use; hence there was nothing to show that the risk of falling on the stairs leading down from the third floor was in any way incidental to his employment on the second floor.

The facts recited above distinguish this case from *Sundine's Case*, 218 Mass. 1, *Von Ette's Case*, 223 Mass. 56, 60, *Hallett's Case*, 232 Mass. 49, *White* v. *E. T. Slattery Co.* 236 Mass. 28, 33, *Holmes's Case*, 267 Mass. 307, and *Mannering's Case*, 290 Mass. 517, and bring it within the authority of *Ross* v. *John Hancock Mutual Life Ins. Co.* 222 Mass. 560, *Rochford's Case*, 234 Mass. 93, *Babineau's Case*, 254 Mass. 214, and *Horton's Case*, 275 Mass. 572. Compare *Batts's Case*, 295 Mass. 335.

As there was no evidence that the employee's injury arose out of and in the course of his employment, the entry will be

*Decree affirmed.*