## MAURICE J. NAGLE'S CASE.

Suffolk.   May 16, 1941. — October 31, 1941.

Present: FIELD, C.J., DONAHUE, DOLAN, & RONAN, JJ.

*Workmen's Compensation Act*, Injuries to which act applies, Exceptions, Proceedings after rescript, Recommittal to Industrial Accident Board, Jurisdiction of Superior Court, Motion, Rules of court. *Agency*, Scope of authority or employment. *Equity Pleading and Practice*, Proceedings after rescript, Motion, Rules of court. *Practice, Civil*, Motion, Rules of court. *Superior Court*, Rules of court. *Rules of Court*.

Evidence in a proceeding under the workmen's compensation act warranted a finding that an employee in a factory, who had gone to the third floor to visit other employees during his lunch hour, was proceeding by "a route which he was expected or allowed to use" while descending the stairway on his way back to work on the second floor shortly before the end of the lunch hour; and upon such a finding a conclusion would be warranted that an injury sustained through falling a few steps above the landing on the second floor arose out of and in the course of his employment.

The question of the propriety of the disposition of a motion in the Superior Court in a proceeding under the workmen's compensation act cannot be brought to this court by a bill of exceptions.

After a rescript in a proceeding under the workmen's compensation act affirming a decree dismissing the claim on the ground that the evidence did not warrant a finding that the injury arose out of and in the course of the employment, it was within the discretion of the Superior Court to recommit the case to the Industrial Accident Board for further hearing on the material issue of fact if that court deemed that the record previously before it and this court was inadequate with respect thereto.

Under Rule 46 of the Superior Court (1932), a judge of that court may in his discretion entertain a motion not supported by a proper affidavit.

CERTIFICATION to the Superior Court under the workmen's compensation act.

Proceedings after rescript are described in the opinion. The case was recommitted to the Industrial Accident Board by order of *F. T. Hammond*, J., and the final decree after

the second hearing by the board was entered by order of *Buttrick*, J.

*F. J. Linehan, Jr.*, for the claimant.

*J. G. Leonard*, for the insurer.

DONAHUE, J. This case was here before, and a decree entered by a judge of the Superior Court dismissing the claim of the employee was affirmed because there was no evidence that the employee's injury arose out of and in the course of his employment. *Nagle's Case*, 303 Mass. 384. Thereafter a judge of the Superior Court denied a motion of the insurer for the entry of final decree after rescript, and allowed motions of the employee for a stay of entry of a final decree after rescript, and for the recommittal of the case to the Industrial Accident Board "for further hearing on the question whether the injury to the employee arose out of and in the course of his employment."

On recommittal the Industrial Accident Board referred the case to the single member who had heard it before, "for further hearing as to whether the injury to the employee arose out of and in the course of his employment and for decision anew upon the whole record." The single member found that the injury of the employee did not arise out of and in the course of his employment and denied his claim for compensation. The reviewing board adopted the findings and rulings of the single member and a judge of the Superior Court entered a decree dismissing the employee's claim. From this decree the employee has appealed. The insurer also appealed.

1. At the second hearing before the single member, after recommittal, the record of the first hearing before him was incorporated by reference into, and made a part of, the record of the second hearing. At the first hearing there was testimony that the employee was a "repair man" in an umbrella factory and that his work was the repairing of umbrellas; that lunch hour at the factory was from twelve to one o'clock and that on the day he was injured, which was the day before Christmas, he left the factory at twelve o'clock, had lunch outside and returned to the factory; that he first went to the second floor, where he worked,

and left his coat near his work bench; that he then went to the third floor "to visit girls," where "some of the girls" were having "some sort of celebration . . . a small Christmas party"; that he stayed there "a few minutes," and shortly before one o'clock left the third floor with the purpose "to go to work" on the second floor; and that while on a stairway leading from the third to the second floor, and on a step about three steps from the landing on the second floor, he fell and was injured.

At the second hearing before the single member there was additional testimony of the employee which is here summarized: He was acquainted with most of the employees in the factory. "He met these people often in the course of his work. At lunch time he visited around the building. There was no rule to prevent it. Nobody ever told him he could not go upstairs." It was not unusual for him, during the lunch hour, to go from the second to the third floor. Other employees who worked on the second floor visited on the third floor. "As far as he can remember, it was the customary thing for fellows who worked on the second floor and visited on the third floor to use the stairway to come back down to the second floor."

At the second hearing before the single member, the employee filed a number of requests for findings of fact. The single member allowed certain of those requests. They were to the effect that the employee's usual place of work was on the second floor of the factory; that it was necessary for him in the course of his employment to go to other floors in the factory many times a day and in so doing to pass over the stairway in question many times each day; that "water bubblers" available to employees were located on the third and fourth floors of the factory and to reach them it was necessary for employees on the second floor to use the stairway in question; and that the freight elevator in the building was not available for use by employees. The single member, in his decision, referred to certain other requests of the employee for findings of fact which, in substance, embodied the evidence of the employee here set out in the preceding paragraph. The single member stated

that he did "not believe" that these requests "are warranted in their entirety" on the evidence. But he did not indicate what parts of these requests for findings of fact he believed were "warranted" or what evidence he disbelieved. He further stated that "In so far as" these requests "are inconsistent with the above findings they are disallowed." There is no apparent inconsistency between the "above findings" (that is, the findings he made in accordance with the requests of the employee) and the findings requested by the employee to the effect that employees in the factory were accustomed to meet on the third floor in the lunch hour, and that there was no rule or instruction by the employer to the contrary.

The ultimate conclusion of the single member, "that the employee's injury did not arise out of and in the course of his employment," was based on his "opinion that the additional evidence offered by the employee at . . . [the second] hearing is not sufficient to warrant a finding that 'he was returning by a route which he was expected or allowed to use.'" In this the single member erred, as did the reviewing board, in affirming and adopting his "further findings, rulings and decision."

With the additional testimony of the employee given at the second hearing there was evidence which, if believed, warranted the following conclusions: It was a general practice of employees in the factory to gather on the third floor during noon hours. There was no rule or instruction of the employer to the contrary. It was the practice of employees whose place of work was on the second floor to use the stairway in question in going to and from the third floor, when such visits were made by them. It is not necessary here to consider what, if any, the rights of the employee would have been if he had received injury while on the third floor. A finding was warranted that at least he was permitted to go there. But, at the time of his injury, his visit to the third floor had ended. A few minutes before one o'clock he left that floor with the intent to resume his work on the second floor. His purpose in going down the stairs was to put himself in a position to carry out the

duties for which he was employed. He fell on the third step from the second floor. In walking down the stairs he was acting for the benefit of his employer. He was doing — not a forbidden act — but an act which, it could be found, was permitted to employees who visited on the third floor of the factory during lunch hours and were returning to the place where they worked, on the second floor.

In order that an injured employee be entitled to compensation under the workmen's compensation act it is not necessary that at the time of his injury he should be actively performing the duties of his employment. *Von Ette's Case,* 223 Mass. 56, 61. *Hallett's Case,* 232 Mass. 49, 52. *Holmes's Case,* 267 Mass. 307, 309. Compare *McManus's Case,* 289 Mass. 65, 66; *Babineau's Case,* 254 Mass. 214, 215. It was said in *White* v. *E. T. Slattery Co.* 236 Mass. 28, 34, that "the sphere of employment exists and affords its shield to the employee while within the premises of the employer on the way to or on the return from actual performance of the specific duties of the employment." There was here evidence which, if believed, warranted the findings that at the time of his injury the employee was making a permitted use of the stairway and was on his way immediately to resume his work. A conclusion was warranted that the employee received an injury arising out of and in the course of his employment.

2. The appeal taken by the insurer relates solely to the action of the Superior Court when the case came before it after rescript. The insurer contends that the court erred in denying its motion for entry of a final decree after rescript, and in allowing the employee's motion that the case be recommitted to the Industrial Accident Board. A bill of exceptions filed by the insurer and allowed by the court contained the same contentions. An appeal, and not a bill of exceptions, was the proper way to bring the case before this court. *Cripps's Case,* 216 Mass. 586.

The employee's appeal vacated the final decree earlier entered in the Superior Court. *Carilli* v. *Hersey,* 303 Mass. 82, 84. After a rescript ordering the entry of a final decree

"the Superior Court upon being shown that the record upon which the case was decided in this court was inadequate or erroneous in an essential matter of fact, had power in its discretion to reopen the case in order to obtain a full and accurate revised finding of the facts." *Long* v. *George,* 296 Mass. 574, 577, and cases cited. *Fred T. Ley & Co. Inc.* v. *Sagalyn,* 302 Mass. 488, 495. *Johnson's Case,* 242 Mass. 489, 495. · Deficiencies in proof that the employee's injury arose out of and in the course of his employment were pointed out in the opinion. The Superior Court was justified in finding that the record was inadequate and, in the exercise of its discretion, was warranted in reopening the case for further hearing by the Industrial Accident Board. *Nelson's Case,* 217 Mass. 467, 470. *Doherty's Case,* 222 Mass. 98. *Fierro's Case,* 223 Mass. 378. *Devine's Case,* 236 Mass. 588, 595. *Ward's Case,* 286 Mass. 72, 77.

It is contended by the insurer that the motion to recommit the case was not supported by a proper affidavit. So far as appears this objection was not suggested by the insurer to the judge of the Superior Court when the employee's motion for recommittal of the case to the Industrial Accident Board was heard. The present Rule 46 of the Superior Court (1932) corresponds for the most part with earlier similar rules of the Superior Court. Rule 29 (1906). Rule 24 (1915). Rule 46, however, differs in a material respect from the earlier rules. They read: "The court will not hear any motion . . . unless the facts are verified by affidavit"; while Rule 46 (1932) says that the court "need not hear any motion . . . unless the facts are verified by affidavit." It is said in *Donovan* v. *Donovan,* 294 Mass. 94, 97, that "The present rule enlarges the discretion of the trial judge to hear such motions." Effect must be given to this change in phraseology. The rule in its present form does not require that a motion to recommit be supported by an affidavit. A judge may in his discretion entertain a motion supported by such an affidavit as was filed in the present case.

3. The insurer's exceptions must be dismissed. The decree of the Superior Court that the employee's claim for

compensation be dismissed must be reversed, and a decree entered remanding the case to the Industrial Accident Board for further proceedings not inconsistent with this opinion.

*Ordered accordingly.*