## JAMES BRADFORD'S CASE.

Suffolk.   March 4, 1946. — May 29, 1946.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & SPALDING, JJ.

*Workmen's Compensation Act,* Injuries to which act applies; Procedure: findings by Industrial Accident Board.

The question in a workmen's compensation case, whether an injury, sustained by the employee in a doorway as he was leaving a kitchen where he worked to go into an alley to smoke, arose out of and in the course of his employment, was one of fact to be decided in accordance with correct principles of law, and, where there was evidence that it was customary for the employees in the kitchen to go outside to smoke during a lull in their work and that they were not forbidden to do so, it was error for the Industrial Accident Board to rule that "the question turns on what" the employee "went out for," and, without making a finding as to the custom respecting smoking, to find that the employee was not injured "when doing the work of his employer" and had not proved that he sustained an injury arising in the course of his employment.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board dismissing a claim under the workmen's compensation act.

A decree in accordance with the board's decision was entered by order of *Walsh,* J.   The claimant appealed.

*P. L. Keenan, (J. T. Bowes* with him,) for the claimant.

*W. H. Sullivan,* Assistant Attorney General, (*R. Cotter, Jr.,* with him,) for the Commonwealth.

SPALDING, J.   The employee was a dishwasher in the Lakeville State Sanatorium.   On April 3, 1940, during working hours, he sustained an injury for which he seeks compensation.   The injury occurred in these circumstances: The employee was passing through a doorway leading from the kitchen where he worked to an alleyway outside.   As he did so he reached into his coat pocket for a cigarette and at the same time closed the door with his left elbow.   His

elbow went through a glass panel in the door and his arm was badly lacerated. At the time he was injured he was on his way outside to smoke, as smoking was not permitted inside the building. The employee testified that he also went outside to see if any dishes had been brought down in a hand truck from the men's ward. But the single member found that his only purpose in going outside was to smoke. There was evidence tending to show that it was customary for the employees who worked in the kitchen to go outside to smoke during a lull in their work, and that they were not forbidden to do this by those who supervised their work. There was also evidence from which it could be inferred that this was done only during mealtime and time off. But neither the single member nor the reviewing board made any findings with respect to this evidence.

The single member stated in his decision that "the question turns on what . . . [the employee] went out for." After finding that the employee was injured "when going out for a smoke and not when doing the work of his employer," he concluded that the employee did not prove that he had sustained an injury arising in the course of his employment, and ordered the claim dismissed. The findings and decision of the single member were adopted by the reviewing board.

We think the board erred in ruling that the case turned "on what . . . [the employee] went out for." It is established by our decisions that an employee, in order to be entitled to compensation, need not necessarily be engaged in the actual performance of work at the time of injury; it is enough if he is upon his employer's premises occupying himself consistently with his contract of hire in some manner pertaining to or incidental to his employment. Under this principle findings that an employee's injury arose out of and in the course of his employment were upheld where he was getting fresh air (*Von Ette's Case*, 223 Mass. 56, 61), going or coming by stair or elevator (*O'Brien's Case*, 228 Mass. 380; *White* v. *E. T. Slattery Co.* 236 Mass. 28, 33-34; *Nagle's Case*, 310 Mass. 193, 197), resting (*Sullivan's Case*, 241 Mass. 9; *Holmes's Case*, 267 Mass. 307), attending to

a call of nature (*Haskins's Case*, 261 Mass. 436), waiting
to be transported from his place of employment to his home
(*Milliman's Case*, 295 Mass. 451), washing his own clothes
used in his work (*Sylvia's Case*, 298 Mass. 27), eating meals
(*DeStefano* v. *Alpha Lunch Co. of Boston*, 308 Mass. 38,
40), sleeping in a lodging house (*Souza's Case*, 316 Mass.
332), or walking on a parking lot furnished by the employer
(*Rogers's Case*, 318 Mass. 308). It would appear from the
board's statement of what the case turned on, and from the
fact that it made no findings as to what the custom was with
respect to smoking outside during working hours, that it
regarded the fact that the employee was on his way out-
side to smoke as decisive as matter of law on the issue of
whether his injury arose out of and in the course of his
employment. But this was not necessarily decisive on that
issue. It cannot be said as matter of law that where an
employee is injured on the premises of his employer while
smoking or preparing to smoke he is precluded from re-
covering compensation. This conclusion is supported in
principle by the decisions cited above and by numerous
decisions in other jurisdictions. *Whiting-Mead Commercial
Co.* v. *Industrial Accident Commission*, 178 Cal. 505. *Lovallo*
v. *American Brass Co.* 112 Conn. 635. *Rish* v. *Iowa Port-
land Cement Co.* 186 Iowa, 443. *Haller* v. *Lansing*, 195
Mich. 753. *Kaletha* v. *Hall Mercantile Co.* 157 Minn. 290.
*Chludzinski* v. *Standard Oil Co. of New York*, 176 App.
Div. (N. Y.) 87, 90. *Dzikowska* v. *Superior Steel Co.* 259
Penn. St. 578.

Whether the employee's injury arose out of and in the
course of his employment was a question of fact to be
decided by the board, but in making its decision it was
required to apply correct principles of law (see *Nagle's
Case*, 310 Mass. 193, 196–197). This, as its decision shows,
it did not do. The decree of the Superior Court dismissing
the claim for compensation is reversed, and a decree is to
be entered remanding the case to the Industrial Accident
Board for further proceedings not inconsistent with this
opinion.

                                              *So ordered.*