7 N.J. Super. 1 (1950)
71 A.2d 646
JOHN DENNIS WASKEVITZ, BY HIS NEXT FRIEND, ROSE W. PALLITTO, PETITIONER-RESPONDENT,
v.
CLIFTON PAPER BOARD COMPANY, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 20, 1950.
Decided March 1, 1950.
*2 Before Judges JACOBS, McGEEHAN and EASTWOOD.
Mr. Isidor Kalisch argued the cause for the appellant (Mr. Stanley U. Phares, attorney).
Mr. Isadore Rosenbloom argued the cause for the respondent (Messrs. Marcus & Levy, attorneys).
The opinion of the court was delivered by JACOBS, S.J.A.D.
This is an appeal from a judgment of the Passaic County Court sustaining an award for petitioner by the Workmen's Compensation Bureau.
The appellant operated a paper board manufacturing plant at Clifton, New Jersey. On the second floor of the plant there was a hydro-pulper containing hot water into which paper was dumped and churned to a pulp. The area surrounding the hydro-pulper was wet and the place was steamy with a stench from the churning pulp. On the first floor of the plant there was a breaker beater room which contained machines used in the processing of the pulp into paper board. This room was hot and humid. In view of the unpleasant working conditions the employees would customarily go to "drop off" doors leading to the outside for the purpose of having a smoke and obtaining a breath of fresh air. Although there were several such doors apparently the most popular one was located on the second floor not distant from the hydro-pulper. There was testimony that men from every department came to this door where they could smoke and talk without interfering with the work of other employees. There was no objection by the employer to this practice.
*3 On February 17, 1948, the decedent John Waskevitz was assigned to work in the breaker beater room. After working for several hours in the hot and humid room he went to the second floor and, while passing the hydro-pulper, accidentally fell in and was killed. Upon ample evidence both of the lower tribunals found that at the time of the accident he was on his way to the nearby door for a smoke and fresh air. The question presented is whether the circumstances justified their conclusion that the accident arose out of and in the course of the decedent's employment.
The courts have held that the employee's performance of acts of personal comfort may be reasonably incident to the employment and have sustained awards for accidents occurring while the employee was obtaining a smoke or a breath of fresh air. See Bradford's Case, 319 Mass. 621, 67 N.E.2d 149 (Sup. Jud. Ct. 1946); Elliott v. Industrial Accident Commission, 21 Cal.2d 281, 131 Pac.2d 521 (Sup. Ct. 1942); 1 Honnold, Workmen's Compensation (1917), § 111, p. 381. Cf. Bubis v. Flockhart Foundry Co., 15 N.J. Misc. 299 (W.C.B. 1937); affirmed, 119 N.J.L. 136 (Sup. Ct. 1937); 120 N.J.L. 177 (E. & A. 1938). Indeed, they have recognized that, in the light of the modern labor-management relationship, the employer's furnishing of facilities to the employee for such relaxation during the work day might well be considered as designed for their mutual benefit rather than the exclusive benefit of the employee. See Kubera's Case, 320 Mass. 419, 69 N.E.2d 673 (Sup. Jud. Ct. 1946). Cf. Saintsing v. Steinbach Co., 1 N.J. Super. 259, 263 (App. Div. 1949); affirmed, 2 N.J. 304 (1949).
The appellant contends, nevertheless, that the petitioner's award may not be sustained because the decedent had violated a restriction which had been imposed upon him, citing Reis v. Breeze Corporations, Inc., 129 N.J.L. 138, 143 (Sup. Ct. 1942), and authorities therein. In the Reis case the former Supreme Court sustained the denial of an award where the accident occurred while the employee was at a "forbidden place not within the control of his employer," pointing out that where the employee remains within his sphere of employment *4 violation of a restriction does not necessarily preclude compensation but that where specific instruction limiting "the sphere of the locus of the employment" is violated compensation will be denied.
To establish the alleged restriction, the employer relies upon the testimony of Mr. Michael Chanda who testified that he was in charge of plant personnel and had received a complaint from the chief engineer about the decedent's work; that the complaint was that "He would get lost  leave the plant without permission;" that, as a result, he had discharged the decedent; and that, following union intercession, he had rehired him, stating: "you will be given another chance as of this morning providing you do not leave your job without permission and, therefore, you are back working on condition. If I get a complaint from any of the supervision that you get lost, I would rather see you quit than to be discharged again."
The appellant does not assert that the foregoing created any effective restriction against the decedent's smoking or obtaining fresh air; on the contrary, its counsel acknowledged at the argument on the appeal that the decedent could properly have done so without prior request provided he remained on the first floor, but contended that he was prohibited from going to the second floor without express permission. The record does not support this contention. The complaint which Mr. Chanda had received and his cautionary remarks at the time of the rehiring related to the decedent's conduct in getting "lost," which apparently referred to his leaving the plant without permission. At the time of the accident the decedent was not leaving the plant but was about to obtain a smoke and fresh air while remaining on the premises. If it had been intended to restrict the decedent to the floor on which he was working, notwithstanding the freedom of movement among his co-workers, express terms to that effect would presumably have been used. We consider that Mr. Chanda's remarks were admonitory in nature (Wettstein v. Whitall-Tatum Co., 3 N.J. Misc. 99, 127 A. 323, 324 (Sup. Ct. 1925)), did not serve to limit the sphere of the locus of the *5 decedent's employment to the first floor of the plant, and should not be construed to deprive the petitioner of benefits under the Workmen's Compensation Act. See Wettstein v. Whitall-Tatum Co., supra; Elliott v. Industrial Accident Commission, supra; Capital Transit Co. v. Hoage, 84 F.2d 235, 236 (Cir. D.C. 1936).
The judgment of the County Court is affirmed.