## CHARLES F. WARREN'S CASE.

Hampden.     October 31, 1950. — February 2, 1951.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Workmen's Compensation Act,* To whom act applies. *Agency,* What constitutes. *Words,* "In the service of another."

A claimant under the workmen's compensation act, G. L. (Ter. Ed.) c. 152, who, after being hired as a workman by a college on a Saturday and directed to report at an office on the college premises at a certain hour on the following Monday to sign some papers before beginning work, was injured shortly before the appointed hour on Monday while he was walking on the college premises on his way to report at the office, was at the time of injury an "employee" of the college within § 1 (4) of the act.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board awarding compensation under the workmen's compensation act.

The case was heard by *Murray,* J.

In this court the case was submitted on briefs.

*E. S. Searle,* for the claimant.

*G. J. Callahan,* for the insurer.

LUMMUS, J.   On Saturday, October 16, 1948, the employee was hired by the Springfield College to care for athletic equipment and lockers, and the terms of his employment were fixed. He was told to report at 1 P.M. on the following Monday, at the office of the superintendent of buildings and grounds where before beginning work he was to sign withholding slips and the payroll. While walking on the grounds of the college, shortly before 1 P.M., on his way to report, he was run into by one of the students, and his hip was broken. There was evidence that "ordinarily there would be plenty of students around the campus at that time and . . . being young they were full of good spirits and activity . . . [and] there was often some fooling and rough-

housing among them on the campus." There was evidence that the employee "had been run into by one . . . of the students who was being pursued by others," and that the students had only forty minutes in which to take a shower, dress, pick up their mail and books and have lunch, "and . . . naturally they ran or were in a hurry." It was one of them who ran into the employee. Total disability resulted.

The single member found that the employee was such at the time he was injured, and that his injury arose out of and in the course of his employment. Compensation was awarded him. The reviewing board affirmed and adopted the findings and decision of the single member. But the Superior Court entered a decree that the employee was not employed by the employer at the time of the injury, and dismissed the claim. The employee appealed.

The relevant statutes are these. General Laws (Ter. Ed.) c. 152, § 1 (4) defines "Employee" as "every person in the service of another under any contract of hire, express or implied, oral or written," with certain exceptions immaterial to the present case. General Laws (Ter. Ed.) c. 152, § 26, as appearing in St. 1943, c. 302, provides for compensation for "a personal injury arising out of and in the course of his [the employee's] employment." The primary purpose of the words "in the service of another" is to require the relation of master and servant, and to exclude independent contractors. *McDermott's Case*, 283 Mass. 74. *Cameron* v. *State Theatre Co.* 256 Mass. 466.

In its brief the insurer concedes that at the time of the injury the employee was under a contract of hire, but contends that he had not become an employee, because the time for beginning work had not come, the employee had not reached even the administration building where he was to sign the papers, and much less the athletic field house where he was to begin work.

The workmen's compensation act is to be construed broadly to include as many employees as its terms will permit. *Johnson's Case*, 318 Mass. 741, 746. In many cases persons not actually at work when injured have been

held entitled to compensation. *Sundine's Case*, 218 Mass. 1.
*Bradford's Case*, 319 Mass. 621. *Kubera's Case*, 320 Mass.
419, 421. *Chapman's Case*, 321 Mass. 705, 710, 711. *Zarba*
v. *Lane*, 322 Mass. 132, 134. In *Souza's Case*, 316 Mass.
332, 335, where an employee injured while asleep in bed was
awarded compensation, this court said, "the employee, in
order to be entitled to compensation, need not necessarily
be engaged in the actual performance of work at the moment
of injury. It is enough if he is upon his employer's premises
occupying himself consistently with his contract of hire in
some manner pertaining to or incidental to his employment."

In *Hallett's Case*, 232 Mass. 49, the employee tripped and
fell at the entrance of her employer's store on her return
from lunch to her work. This court awarded compensation,
saying, "When the intestate fell she was not in the active
performance of her duties, but was upon the premises of the
subscriber and in its employment. . . . The risk of a fall
upon machinery, upon steps or passageways or over obstruc-
tions to travel, is a hazard to a degree common to all persons
who enter or seek to enter a manufactory or a mercantile
building or other building for business or for pleasure"
(page 52). In *Watkins* v. *New York, New Haven & Hartford
Railroad*, 290 Mass. 448, 450, this court said, "While on the
master's premises, a servant may be within his employment
although he has not begun work or has stopped work." In
*Nagle's Case*, 310 Mass. 193, the employee fell while return-
ing to his work from a Christmas party, during his lunch
hour. This court said (page 197) that "In order that an
injured employee be entitled to compensation under the
workmen's compensation act it is not necessary that at the
time of his injury he should be actively performing the du-
ties of his employment," but he is protected "while within
the premises of the employer on the way to or on the return
from actual performance of the specific duties of the em-
ployment."

In *Murphy* v. *Miettinen*, 317 Mass. 633, 635, the defend-
ant, who was using the parking facilities provided by the
employer in preparation for his work, was held within the

scope of his employment one half hour before he was obliged to report in the foundry for the performance of his duties. This court held that "He was on the premises of his employer, engaged in an act contemplated by his employment, and was about to go to another part of the premises where his work was to be done. This was an incident of his employment." In *Rogers's Case*, 318 Mass. 308, an employee on his way to work had reached a parking lot furnished by the employer, and was hurt while passing from the parking lot to the factory, which was across the street. It was held that the injury arose out of and in the course of the employment.

In some of the foregoing cases, the employee was injured while on the premises of his employer, having returned to work after a time during which he was not in the course of his employment. *Hallett's Case*, 232 Mass. 49. *Nagle's Case*, 310 Mass. 193. *Murphy* v. *Miettinen*, 317 Mass. 633. *Rogers's Case*, 318 Mass. 308. In each case he was held to have been in the course of his employment. We do not think that these cases can be distinguished from the present case by the fact that in them the employee had been employed on preceding days. Ordinarily an employee, in the course of each day, ceases for a considerable time to be "in the course of his employment," although he has a general employment that requires work on subsequent days. When he returns to work at a later time or on a later day, we think that his status under the workmen's compensation act is no better than it would have been if he were coming to work for the first time. In this case we think that the injury was properly found to have been suffered in the course of the employment after becoming an employee.

Both parties have cited cases from other jurisdictions, but differences in statutes and in the facts detract much from their value as precedents in the present case.

The final decree dismissing the claim is reversed, and a new decree is to be entered awarding compensation in accordance with the finding of the reviewing board.

*So ordered.*