LILLIAN MOORE'S CASE.

Suffolk.   January 5, 1953. — February 26, 1953.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Workmen's Compensation Act,* Injuries to which act applies; Recreational
   activities; Procedure: findings by Industrial Accident Board, recom-
   mittal to Industrial Accident Board.  *Agency,* Scope of authority or
   employment.  *Proximate Cause.*

Recreational activities engaged in by an employee may be so closely
   connected with his employment that an injury sustained during such
   activities is compensable under the workmen's compensation act.
   [3–5]
Subsidiary findings made by the Industrial Accident Board in a work-
   men's compensation case arising out of an injury sustained by the
   employee through a fall while dancing at a Christmas party given by
   the employer for the employees were insufficient to permit judicial
   determination whether the board's conclusion that the injury did not
   arise out of and in the course of the employment was based on correct
   principles of law, and the case was ordered remanded to the board for
   more detailed findings.   [5–6]

CERTIFICATION to the Superior Court of a decision by the
Industrial Accident Board denying compensation under the
workmen's compensation act.

The case was heard by *O'Connell,* J.

*Mary C. Gogan,* for the claimant.

*Walter I. Badger, Jr.,* (*Peter D. Cole* with him,) for the insurer.

SPALDING, J.  The employee was injured while attending a Christmas party given by her employer.  The single member, the reviewing board, and the Superior Court in turn dismissed her claim for compensation, and the employee appealed.

After finding "that the employer had posted a notice inviting all of the employees to the Christmas party where refreshments and music were to be furnished by the employer," the single member stated, "I am compelled to find on the pertinent issue as to whether or not the employee sustained a personal injury arising out of and in the course of her employment that the weight of the credible evidence indicates the employee sustained a personal injury in the course of her employment but that it did not arise out of the employment.  I, therefore, find that the employee is not entitled to compensation and her claim . . . is dismissed."  Except for the finding that the injury was in the course of the employment, the reviewing board affirmed and adopted the findings of the single member, and found in addition that the injury was sustained "while [the employee was] dancing at a Christmas party given by the employer for the enjoyment of the employees" and that it did not occur in the course of the employment.

The foregoing findings were all that were made by either the single member or the board, with the exception of a finding on the issue of notice which has ceased to be material.  There was evidence of the following:  The employer is a corporation engaged in the manufacture of leather goods.  The party at which the employee was injured was held at the plant on December 21, 1951.  One Isaacson, the general manager and "one of the owners" of the corporation, testified that "it is the custom of the . . . [company] to run Christmas parties every year," that the "party was just for company personnel" and was attended only by the employees "with the exception perhaps of one or two who came

up . . . to greet someone," and that an "invitation was extended to all of the employees; it was a verbal invitation and also there was a notice on the bulletin board to the effect they all were invited." No work was done at the factory on the day of the party and the employees were not paid for that day. Liquor, supplied by the employer, was served during the party. The employee testified that she drank some but "was not drunk." Isaacson testified that the employee was "far from being sober" and that she "admitted to me she was drunk." While the employee was dancing "a solo" or "jitterbugging" on a platform she kicked her foot out and Isaacson touched or grabbed it and she lost her balance and fell. As a result of her fall she sustained a fractured coccyx. The foregoing evidence, with the exception of that relating to the sobriety of the employee, was virtually undisputed.

The question whether injuries sustained in the course of recreational activities connected in some way with the employment are within the scope of the workmen's compensation act appears never, except in *McManus's Case*, 289 Mass. 65,[1] to have been raised in this court. Of course, not every injury suffered by one who is an employee falls within the act, for it is limited to injuries "arising out of and in the course of . . . [the] employment." G. L. (Ter. Ed.) c. 152, § 26. This requirement imposes upon the employee the burden of showing that his injury and his employment were causally related. If the injury arises "out of the nature, conditions, obligations or incidents of the employment; in other words, out of the employment looked at in any of its aspects" (*Caswell's Case*, 305 Mass. 500, 502), or if the injury is sustained while the employee "is upon his

---

[1] The insurer urges that that case is decisive here. There a caddy employed by a golf club was struck while standing on the tee by a golf club swung by another caddy who was about to play, the accident occurring at a time when the caddies were permitted to use the course. The board found that the injury did not arise out of and in the course of the employment, and the only question before this court was whether the finding was warranted. It was held that it was, but the court went further and said by way of dictum that a contrary finding would not have been warranted. We do not interpret that case as holding that injuries sustained during recreational activities can never be compensable under the act.

employer's premises occupying himself consistently with his contract of hire in some manner pertaining to or incidental to his employment" (*Souza's Case*, 316 Mass. 332, 335), the statutory requirement is satisfied. *Nagle's Case*, 303 Mass. 384, 385. *DeStefano* v. *Alpha Lunch Co. of Boston*, 308 Mass. 38, 40. *Murphy* v. *Miettinen*, 317 Mass. 633, 635. *Bradford's Case*, 319 Mass. 621, 622. *Chapman's Case*, 321 Mass. 705, 708–711. *Warren's Case*, 326 Mass. 718.

This court, in considering cases involving injuries sustained outside the formal scope of the employee's duties, and courts in other jurisdictions which have passed upon the compensability of injuries sustained during organized recreational activities have evolved a number of criteria which may be resorted to in determining whether the employment and the recreation are related with sufficient closeness to warrant an award. For convenience they may be enumerated as follows: (1) The customary nature of the activity. *Nagle's Case*, 310 Mass. 193. *Kubera's Case*, 320 Mass. 419. *Conklin* v. *Kansas City Public Service Co.* 226 Mo. App. 309. (2) The employer's encouragement or subsidization of the activity. *Le Bar* v. *Ewald Bros. Dairy*, 217 Minn. 16. *Wilson* v. *General Motors Corp. Chevrolet Motor & Axle Division*, 298 N. Y. 468. *Holst* v. *New York Stock Exchange*, 252 App. Div. (N. Y.) 233. *Fishman* v. *Lafayette Radio Corp.* 275 App. Div. (N. Y.) 876. (3) The extent to which the employer managed or directed the recreational enterprise. *Kelly* v. *Hackensack Water Co.* 10 N. J. Super. Ct. 528. *Tedesco* v. *General Electric Co.* 276 App. Div. (N. Y.) 422. (4) The presence of substantial pressure or actual compulsion upon the employee to attend and participate. *Stakonis* v. *United Advertising Corp.* 110 Conn. 384. *Kelly* v. *Hackensack Water Co.* 10 N. J. Super. Ct. 528. *Kelly* v. *Ochiltree Electric Co.* 125 Pa. Super. Ct. 161. *Adams* v. *East Pennsylvania Conference*, 49 D. & C. (Pa.) 61. (5) The fact that the employer expects or receives a benefit from the employees' participation in the activity, whether by way of improved employer-employee relationships (*Kelly* v. *Hackensack Water Co.* 10 N. J. Super. Ct. 528; *Ott* v. *Industrial Commission of Ohio*, 83 Ohio App.

13; *Miller* v. *Keystone Appliances, Inc.* 133 Pa. Super. Ct. 354; *Adams* v. *East Pennsylvania Conference,* 49 D. & C. [Pa.] 61); through greater efficiency in the performance of the employees' duties (*Piusinski* v. *Transit Valley Country Club,* 283 N. Y. 674, affirming 259 App. Div. [N. Y.] 765; *Kelly* v. *Ochiltree Electric Co.* 125 Pa. Super. Ct. 161); by utilizing the recreation as partial compensation or additional reward for their work, or for advertising the employer's business, or as an actual adjunct of his business. *Linderman* v. *Cownie Furs,* 234 Iowa, 708. *Le Bar* v. *Ewald Bros. Dairy,* 217 Minn. 16. *Holst* v. *New York Stock Exchange,* 252 App. Div. (N. Y.) 233. *Bowen* v. *Saratoga Springs Commission,* 267 App. Div. (N. Y.) 928. *Fishman* v. *Lafayette Radio Corp.* 275 App. Div. (N. Y.) 876. See in this connection note in 25 N. Y. U. L. Rev. 149, and cases there collected. Apart from the existence of employer compulsion, which often might warrant or even require a finding in favor of the employee, the presence or absence of any one of the other factors listed would not necessarily determine the issue. Nor, indeed, is the foregoing enumeration meant to be exclusive of other factors which might appear in a given case. What is required in each case is an evaluation of the significance of each factor found to be present in relation to the enterprise as a whole. Upon such an evaluation must the decision as to the closeness of the connection between the employment and the recreation ultimately rest.

It is apparent from what has just been said that injuries may occur during recreational activities in such circumstances as to be compensable. Whether the injury here was of that sort we do not undertake to say. The question whether the employee's injury arose out of and in the course of her employment was one of fact to be decided by the board. It is familiar law that the board's decision must be accepted as final if supported by evidence and not tainted by error of law. *Webb's Case,* 318 Mass. 357. But it is equally well settled that "it is the duty of the board so to deal with cases before it that when a certified copy of the record is presented to the Superior Court, that court

can determine with reasonable certainty whether or not correct rules of law have been applied to facts which could properly be found and . . . whenever a record presented does not conform to this standard it is the duty of the court to recommit the case to the board for further findings or rulings until a proper record is obtained." *Di Clavio's Case*, 293 Mass. 259, 261–262. In other words, the board may not ordinarily make a general naked finding or one consisting merely of a categorical repetition of the statutory words governing compensability. *Belezarian's Case*, 307 Mass. 557, 559–560. The only instance where a general finding will stand is where "the evidence . . . [is such] as would support the general finding and no reasonable inference could be drawn to the contrary." *Mathewson's Case*, 227 Mass. 470, 474. Unless subsidiary findings are made the reviewing court, which can review only questions of law, is in no position to determine whether the ultimate finding was based upon correct principles of law. *Roney's Case*, 316 Mass. 732, 735.

The findings of the board here, which were hardly more than a conclusion, failed to satisfy these requirements. Conceivably, because of the paucity of authority here on the subject, it may have found as it did because it took the view that injuries occurring during the course of recreational activities are never compensable — a principle which, as we have seen, cannot be sustained. And we cannot say that the evidence would warrant no other conclusion than that reached by the board. We are not to be understood, however, as holding that the board could not have reached the conclusion it did on this record. We hold only that the employee was entitled to more detailed findings so as to enable her to know whether the board was applying correct principles of law.

The decree of the Superior Court is reversed, and a decree is to be entered remanding the case to the Industrial Accident Board for further proceedings in conformity with this opinion.

*So ordered.*