JOHN E. KEMP's CASE. November 27, 1981. Kemp broke his left collar bone on May 28, 1971, when playing with the Westinghouse softball team. He had worked for Westinghouse (the employer) for about eighteen years at the time of the Industrial Accident Board hearings in 1978 and 1979, and was then forty-four years old. The single member found that the "softball team was furnished uniforms by the employer. Its members were allowed to change their clothes on the employer's premises, the emblem of the employer was on the uniforms and caps, and apparently the results of . . . [the] games were sometimes published on the company . . . [bulletin] board." The single member also found that games "were not played on the employer's premises but . . . on public softball fields . . . . [E]mployees were not compelled to join this recreational activity." The single member made no findings on testimony by Kemp that "[e]very game was played after work hours," that most players used their own automobiles for transportation to and from the games, that the company never had a "banquet for the players" or presented any trophies for softball, and (by another witness) that the team played in a league sponsored by the Boston park department, and that not all the players on the team were Westinghouse employees.

The single member's decision, that the injury to Kemp "arose out of and in the course of employment," was in effect sustained by the reviewing board. It was also, on the issue here presented, approved by the judgment of the Superior Court.

The single member relied on *Moore's Case*, 330 Mass. 1, 4-5 (1953), and referred to five factors there listed as "criteria which may be resorted to in determining whether the employment and . . . recreation are related with sufficient closeness to warrant an award." He summarized these: "(1) The customary nature of the activity. (2) The employer's encouragement or subsidization of the activity. (3) The extent to which the employer managed or directed recreational enterprise. (4) The presence of substantial pressure or actual compulsion on the employee to . . . participate, and (5) [t]he fact that the employer expects or receives a benefit from the employee's participation . . . whether by way of improved employer-employee relationships through greater efficiency in the performance of . . . duties; by utilizing the recreation as partial compensation . . . for their work, or for advertising the employer's business, or as an adjunct of his business."

Applying these criteria, the single member found "that the customary nature of the activity . . . was . . . recreational; that Westinghouse did

. . . encourage these activities by purchasing uniforms . . . and by providing clothes-changing facilities; and . . . that the employer received direct benefits through better employer-employee relations, as well as advertising benefits through the presence of Westinghouse trademarks or logos on the uniform shirts and hats." He mentioned, as indications that the activity was not work-related, the lack of employer management of the activity and that there was "no compulsion upon the employees to play the game." In *Moore's Case, supra,* Mr. Justice Spalding, speaking for the Supreme Judicial Court, said (at 5): "Apart from the existence of employer compulsion, which often might warrant or even require a finding in favor of the employee, the presence or absence of any one of the other factors listed would not necessarily determine the issue. Nor, indeed, is the foregoing enumeration meant to be exclusive of other factors which might appear in a given case. *What is required in each case is an evaluation of the significance of each factor found to be present in relation to the enterprise as a whole.* Upon such an evaluation must the decision as to the closeness of the connection between the employment and the recreation ultimately rest." (Emphasis supplied.) In view of this statement, the absence of some of the five criteria listed in the Moore case was not necessarily fatal to compensation. In the circumstances, the single member has found at least some not very significant employer encouragement of the team and some vague tendency to improve employer-employee relations and to result in advertising. The single member's finding that the activity was "recreational" is not helpfully informative. The findings do establish that this employer did not manage or direct the team and that no employee was compelled to participate.

The single member appropriately should also have made subsidiary findings about the evidence mentioned in the first paragraph above on which he made no findings. A majority of the panel, however, are of opinion that, on balance, the subsidiary findings in fact made are sufficient (1) to make unnecessary a remand of the case for more adequate findings (as was done in *Moore's Case,* 330 Mass. at 6, and in *Messersmith's Case,* 340 Mass. 117, 124 [1959]) and (2) to support the single member's conclusion.

There is no occasion to discuss other aspects of the decisions made by the board and in the Superior Court. For cases dealing with somewhat analogous situations, see *McManus's Case,* 289 Mass. 65, 66-67 (1935); *Messersmith's Case, supra; Landry's Case,* 346 Mass. 762 (1963); 1A Larson, Workmen's Compensation §§ 22.23, 22.24 (1979 and 1981 Supp., which collects the widely conflicting decisions elsewhere); Locke, Workmen's Compensation §§ 246, 261 (1981).

*Judgment affirmed.*

*William F. Joy, Jr.,* for the self-insurer.
*Alan S. Pierce* for the employee.