OSCAR GODDU'S (dependent's) CASE.

Hampden.    September 23, 1948. — November 4, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Workmen's Compensation Act,* Injuries to which act applies.  *Proximate
      Cause.   Evidence,* Presumptions and burden of proof.  *Statute,* Retro-
      active statute.   *Words,* "Substantial evidence."

Section 7A, inserted in G. L. (Ter. Ed.) c. 152 by St. 1947, c. 380, neither
      increases the amount of compensation payable to an employee nor
      imposes a financial liability where none existed before, and therefore,
      under the provisions thereof, an injury, sustained by an employee in
      1945 in the course of his employment and followed by his death nine
      days thereafter, was presumed to have arisen out of the employment
      in the absence of evidence such as a reasonable mind might accept as
      adequate to support a conclusion to the contrary.
Neither testimony of the only medical expert at the hearing of a claim
      under the workmen's compensation act, that an employee, who had
      been found with his skull fractured prostrate on a floor of his em-
      ployer's premises where he had fallen in the course of his employment,
      and who had died nine days later, had had hardening of the arteries
      and some coronary disturbance, that it was possible for him to have had
      a coronary attack, fallen, and fractured his skull, but that in the expert's
      opinion he did not have a heart attack at the time, that the coronary
      condition had nothing to do with his death, and that the cause of his
      death was trauma resulting in fracture of the skull and injury to the
      brain; nor absence of evidence to show what caused the fall or that the
      employee struck any object except the floor; nor the fact that no in-
      strument of employment appeared to have been involved in the fall,
      constituted "substantial evidence to the contrary" which prevented
      it being presumed, under § 7A, inserted in the act by St. 1947, c. 380,
      that the death arose out of the employment.
The provisions of § 7A, inserted in the workmen's compensation act by
      St. 1947, c. 380, apply where an injury causing the employee's death
      occurs in the course of the employment but there is no evidence to
      show either that there was or that there was not a causal connection
      between the injury and the employment.

CERTIFICATION to the Superior Court of a decision by
the Industrial Accident Board denying a claim for compen-
sation.

A final decree dismissing the claim was entered by order
of *Donnelly,* J.

*H. A. Moran*, for the claimant.

*M. J. Donovan*, for the insurer.

WILKINS, J. The widow of a deceased employee appeals from a decree of the Superior Court dismissing her claim for compensation for his death.

The reviewing board affirmed and adopted the findings and the decision of the single member denying compensation. The accident was unwitnessed. The employer was a manufacturer of motorcycles. The employee was a motor tester, who worked on the fourth floor of a five-story factory building. The fifth floor was used as a stock room. On December 12, 1945, the employee was found prostrate on the fifth floor landing. He "obviously" had ascended by a flight of stairs from the fourth floor. He was found by a fellow employee, "who likewise was ascending to the fifth floor to the stockroom to get materials." He was bleeding from the right ear, nostril, and mouth. Part of the region of the right eye was contused and swollen. After removal to a hospital X-rays revealed a fractured skull. Death occurred on December 21, 1945. An autopsy, so far as is now argued to be material, showed fracture of the skull, subdural and slight epidural hemorrhage, focal contusion and laceration of the brain, coronary sclerosis, myocardial fibrosis, and senile nephrosclerosis. In his decision the single member stated: "The question to be decided is whether the employee's injury arose out of his employment. It is apparently conceded that the injury occurred in the course of his employment. There is nothing to show what caused the employee to fall on the level of the fifth floor landing where he was found. No instrument of employment appears to have been involved in his fall. There is no evidence that he struck any object in falling except the floor. It may reasonably be inferred from the evidence that the employee may have sustained a coronary attack which caused him to fall to the floor."

General Laws (Ter. Ed.) c. 152, § 7A, inserted by St. 1947, c. 380, entitled "An Act to simplify procedure under the workmen's compensation act," was approved May 9, 1947. It reads: "In any claim for compensation, where the

employee has been killed or is physically or mentally unable to testify, it shall be presumed, in the absence of substantial evidence to the contrary, that the claim comes within the provisions of this chapter, that sufficient notice of the injury has been given, and that the injury or death was not occasioned by the wilful intention of the employee to injure or kill himself or another." This statute, the single member ruled, "is not intended to relieve completely an employee from the burden of showing that accidental injuries suffered by him actually were sustained in the course of his employment and arose out of the employment. It is not the law that mere proof of an accident without other evidence creates the presumption that the accident arose out of and in the course of the employment; there must be some evidence from which the conclusion can be drawn that the injury did arise out of and in the course of the employment. Proving of the accident will give rise to the statutory presumption only where some connection appears between the accident and the employment. (See *Daus* v. *Gunderman & Sons, Inc.* 283 N. Y. 459, and cases there cited.) I am of the opinion . . . that this case is governed by *Rozek's Case*, 294 Mass. 205, and that the claim must, therefore, be denied."

The first question for determination is whether G. L. (Ter. Ed.) c. 152, § 7A, inserted by St. 1947, c. 380, although approved subsequent to the death of the employee, applied to the proceedings before the board. If, as its title declares, it relates to procedure, it did so apply; but if it affects substantive rights, it had no such application. *Devine's Case*, 236 Mass. 588, 592–595. *Wynn* v. *Assessors of Boston*, 281 Mass. 245, 249–250. *Greenaway's Case*, 319 Mass. 121, 123. *E. B. Horn Co.* v. *Assessors of Boston*, 321 Mass. 579, 584. See *Beausoleil's Case*, 321 Mass. 344, 346.

That § 7A is procedural clearly appears from G. L. (Ter. Ed.) c. 152, § 2A, inserted by St. 1946, c. 386, § 3, which provides: "Every act, in amendment of this chapter, in effect on the effective date of this section or thereafter becoming effective which increases the amount or amounts of compensation payable to an injured employee or his depend-

ents shall, for the purposes of this chapter, be deemed to be substantive in character and shall apply only to personal injuries occurring on and after the effective date of such act, unless otherwise expressly provided. Every act, in amendment of this chapter, in effect on the effective date of this section or thereafter becoming effective which is not deemed to be substantive in character within the meaning of this section shall be deemed to be procedural or remedial only, in character, and shall have application to personal injuries irrespective of the date of their occurrence, unless otherwise expressly provided."

Section 7A neither increases the amount of compensation payable to an employee, nor imposes a financial liability where none existed before. The employee's right to compensation throughout the history of the workmen's compensation act has been for an injury "arising out of and in the course of his employment." See G. L. (Ter. Ed.) c. 152, § 26, as amended. Under § 7A there subsists the same basis of liability in the case at bar. That has not been changed. Nor has the burden of proof, which is still on the employee. See *Hummer's Case*, 317 Mass. 617, 622. The material difference here is that a new rule obtains, in aid of the party having that burden, as to the effect of evidence in the determination of that liability. See *Epstein* v. *Boston Housing Authority*, 317 Mass. 297, 302; *Perry* v. *Boston Elevated Railway*, 322 Mass. 206, 209–210. The statute, so far as is now pertinent, prescribes in substance that where an "employee" is killed or unable to testify, "it shall be presumed, in the absence of substantial evidence to the contrary," that the claim is compensable. This we think means at least that where, as here, the injury arose in the course of the employment, it shall, if the other statutory conditions are met, be "presumed" to have arisen out of the employment. In the case at bar the single member in effect found as a fact that the injury arose in the course of the employment, and that that fact was conceded. The contrary has not been contended before us, and, indeed, we do not perceive how it well could be, as the employee was injured during regular working hours on the employer's premises on an

errand to the stock room in accordance with his duties. The employee died in consequence of those injuries.

There is left for consideration the effect to be attributed to the statutory provision that compensability "shall be presumed, in the absence of substantial evidence to the contrary." This means evidence "such 'as a reasonable mind might accept as adequate to support a conclusion.' *Consolidated Edison Co.* v. *National Labor Relations Board*, 305 U. S. 197, 229." *Jordan Marsh Co.* v. *Labor Relations Commission*, 316 Mass. 748, 756.

The evidence before the single member did not constitute "substantial evidence to the contrary." Dr. Whitney, called as a witness by the claimant, was the sole medical expert. He testified in chief that he saw the employee at the hospital about twelve times, beginning December 12; that the observed symptoms were typical of trauma followed by fracture of the skull, subdural and epidural hemorrhages, and laceration of the brain; and that in his opinion the cause of death was trauma, an opinion in which the several other consultants at the hospital all concurred. On cross-examination by the insurer, he testified that he had obtained a history of a coronary attack two years before; that coronary sclerosis and myocardial fibrosis, revealed at the autopsy, are the hardening of the arteries supplying the heart with blood, and are consistent with the previous coronary attack; that senile nephrosclerosis is hardening of the blood vessels of the kidneys; that the autopsy also showed a large area of fibrosis and some lymphocytic infiltration of the heart; and that that condition is typical of a man who is suffering from hardening of the arteries and has had some coronary disturbance. On redirect examination, he testified that a cardiogram taken two years earlier at the time of the coronary attack and another "taken after this injury were compared and found to be no different"; that the coronary condition had nothing to do with his death; that its cause was the laceration of the brain, which was the result of trauma; and that there was a definite fracture of the skull which resulted in injury to the brain tissue, causing death. On recross-examination, he testified that "it is

possible for this man" to have had a coronary attack, fallen, and fractured his skull; but that there was no evidence of recent coronary disease. Again examined by the claimant, the witness testified that examination revealed no acute coronary disease upon admittance to the hospital. In response to a question by the single member, the witness stated that in his opinion the employee did not have a heart attack at the time. On further recross-examination, he testified that the condition of arteriosclerosis found at the autopsy probably had been going on for years; that one of the indications of coronary attack is not found in the amount of sclerosis he had, which was "pretty close to normal" and not "more marked than in a man of his years"; and that the appearance of sclerosis is the commonly accepted cause of coronary thrombosis.

It was not enough for the reviewing board to say that it "may reasonably be inferred from the evidence that the employee may have sustained a coronary attack," causing his fall. Even if warranted, this does not go beyond a finding of a mere possibility. We likewise think that "substantial evidence to the contrary" is not afforded by the absence of evidence to show what caused the fall or that he struck any object except the floor, or by the fact that no instrument of employment appears to have been involved in the fall.

The reviewing board took the position, as does the insurer now, that proof of the injury "will give rise to the statutory presumption only where some connection appears between the accident and the employment," citing *Daus* v. *Gunderman & Sons, Inc.* 283 N. Y. 459. As we have indicated, we think that nothing more is required if the injury arises in the course of the employment. Our conclusion is fully supported by *Marra Bros. Inc.* v. *Cardillo*, 154 Fed. (2d) 357 (C. C. A. 3), a case arising under § 20 of the longshoremen's and harbor workers' compensation act, 44 U. S. Sts. at Large, 1436, U. S. C. (1940 ed.) Title 33, § 920, the provisions of which are identical with the New York statute cited in a subsequent footnote.

The *Daus* case itself can be distinguished. The injured

employee was himself a witness.[1]  He was a salesman of automobile brakes, and sustained injuries on a highway in his own automobile in a midnight accident, which he testified occurred on his way home after seeing a prospective customer.  The State industrial board rejected his testimony as inherently improbable, and there was no occasion to apply the so called statutory presumption.  We do not deem it profitable to search out and analyze all the other New York cases, because if they contain anything inconsistent with our present holding, we feel that we are not permitted to follow them.  It seems clear, however, that at least some New York cases are in accord with our holding.  See *Norris* v. *New York Central Railroad,* 246 N. Y. 307; *Gallagher* v. *Mundett Cork Co.* 295 N. Y. 576;  *Welz* v. *Markel Service, Inc.* 296 N. Y. 640.  See also *Hoffman* v. *New York Central Railroad,* 290 N. Y. 277.

By reason of the effect of G. L. (Ter. Ed.) c. 152, § 7A, inserted by St. 1947, c. 380, *Rozek's Case,* 294 Mass. 205, is not an authority for the insurer.

The decree is reversed and a decree is to be entered remanding the case to the Industrial Accident Board for further proceedings in conformity with this opinion.

*So ordered.*

---

[1] The New York workmen's compensation law (Consol. Laws, c. 67, § 21) is not limited to cases where the employee is killed or cannot testify, but provides that "In *any proceeding* for the enforcement of a claim for compensation under this chapter, it shall be presumed in the absence of substantial evidence to the contrary 1. That the claim comes within the provision of this chapter . . . ." (Italics supplied.)