MICHAEL WOLOSHCHUCK'S (dependents') CASE.

Hampden. September 21, 1949. — November 9, 1949.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Workmen's Compensation Act,* Injuries to which act applies. *Proximate Cause. Evidence,* Presumptions and burden of proof. *Words,* "Substantial evidence."

The presumption created by § 7A, inserted by St. 1947, c. 380, in the workmen's compensation act, G. L. (Ter. Ed.) c. 152, applies to both the requirement that the injury arise out of the employment and the requirement that it arise in the course of the employment.

Evidence that an employee, after finishing his work mopping the main floor of a store, had started for the rear of that floor to get mops left near an elevator there, and later was found killed by being crushed between the second floor of the store and the elevator; that there was no eyewitness to the accident; that workmen had permission to use the elevator; that it could be operated from the second floor; and that the lavatory was in the basement, was not "substantial evidence" to show affirmatively that the employee was killed while acting outside the scope of his employment, and the presumption created by § 7A, inserted by St. 1947, c. 380, in the workmen's compensation act, G. L. (Ter. Ed.) c. 152, was operative to support a finding that he was killed in the course of his employment.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board awarding compensation under the workmen's compensation act.

Findings of the reviewing board respecting the application of § 7A, inserted in the workmen's compensation act by St. 1947, c. 380, were as follows: "This was an unwitnessed accident; the last errand which the employee was known to perform was one in the course of his employment, namely, to go to a point near the elevator to collect some work tools (mops) to bring to the front of the store to be taken away from the job. Previous thereto the employee had, with the witness, Keats, cleaned the floor of the elevator. There is no evidence that the employee had been

on the elevator prior to cleaning it, for any other purpose. but he like other employees of the assured, had permission to use the elevator for the purpose of going to the basement lavatory. It was also used on the job by the employees of the assured to transport water from the basement for use on the job. The employee could as well have formed an instant intention of using the elevator to go to the basement lavatory, or to see if there were any mops left on the elevator after it was cleaned, and upon stepping on the elevator it was operated from above unexpectedly so to cause the accident which occurred."

The case was heard by *Giles*, J.

*J. H. Mulcare*, (*N. M. Harvey* with him,) for the insurer.

*R. J. Moran*, (*H. A. Moran & H. A. Moran, Jr.*, with him,) for the claimants.

Lummus, J. This is a workmen's compensation case. The employee worked for American Window Cleaning Company, which was insured under the act. On April 2, 1948, he was killed by being crushed by an elevator at the store of Kimball Furniture Company in Springfield. With another workman he had mopped the main floor. The job was finished about half past four in the afternoon. After both were at the front of the store, they found that three mops had been left in the back of the store, and the employee went back to get them. After the employee went back, the other workman heard a scream, and ran back to the elevator. He saw the employee's legs hanging down, and ran up to the second floor, where he saw that the employee was caught between the elevator and the floor. The police and firemen were summoned and took the body out. Mopping out the elevator was the last work done before the accident. The mops were left near the elevator. Nothing was left in the elevator. The lavatory was in the basement. A person on the second floor could pull the elevator up by a cable, or send it back. The workmen had permission to use the elevator.

The single member found in favor of the employee's widow and children. There was no eyewitness to the

accident. The reviewing board likewise gave compensation, and so did the Superior Court. The insurer appealed.

The burden is upon the claimant to show that the injury arose in the course of the employment, and also out of the employment. G. L. (Ter. Ed.) c. 152, §§ 26, 31, as amended. *Sawyer's Case*, 315 Mass. 75, 76. *Amon's Case*, 315 Mass. 210, 214, 215. *Varao's Case*, 316 Mass. 363, 364. *Mandell's Case*, 322 Mass. 328, 330. But the claimants are aided by G. L. (Ter. Ed.) c. 152, § 7A, inserted by St. 1947, c. 380, which reads as follows: "In any claim for compensation, where the employee has been killed or is physically or mentally unable to testify, it shall be presumed, in the absence of substantial evidence to the contrary, that the claim comes within the provisions of this chapter, that sufficient notice of the injury has been given, and that the injury or death was not occasioned by the wilful intention of the employee to injure or kill himself or another." The words "in the absence of substantial evidence to the contrary" have been held to mean in the absence of such evidence as a reasonable mind might accept as adequate to support a contrary conclusion. *Goddu's Case*, 323 Mass. 397, 401. In that case we held that the statute applies if the injury arose in the course of the employment, and that no connection between the injury and the employment need be shown where the presumption applies. But the statutory presumption is broader than was there necessary to decide. It applies to every element of the claim to compensation, to the requirement that the injury arise out of the employment as well as the requirement that it arise in the course of the employment. There was no substantial evidence in the present case to show affirmatively that the employee was killed while acting outside the scope of his employment. Very likely he was using the elevator to reach the lavatory. *Doyle's Case*, 256 Mass. 290. *Haskins's Case*, 261 Mass. 436. *Souza's Case*, 316 Mass. 332, 335. *Norris* v. *New York Central Railroad*, 246 N. Y. 307, 311. We are unable to follow *Daus* v. *Gunderman & Sons, Inc.* 283 N. Y. 459, which gives less weight to the statutory

presumption than our Legislature seems to have intended. Compare *Hoffman* v. *New York Central Railroad*, 290 N. Y. 277; *Marra Bros. Inc.* v. *Cardillo*, 154 Fed. (2d) 357. The allowance for attorney's fees, briefs and expenses (G. L. [Ter. Ed.] c. 152, § 11A) is referred to a single justice.

*Decree affirmed.*