MAURICE I. STEPNER's (dependent's) CASE.

Suffolk.    December 3, 1951. — January 4, 1952.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Workmen's Compensation Act*, Injuries to which act applies. *Proximate Cause. Evidence*, Presumptions and burden of proof.

Evidence showing that the death of an employee shortly after he was discovered lying unconscious on the floor of the stockroom of a wholesale store for which he sold household wares and electrical appliances was the result of a heart attack, that earlier on the day of his death he had complained of symptoms usual in coronary disorders and had been sitting in the stockroom reading, that he was not required to lift or carry heavy merchandise and was not seen to do so on that day, and that none was found near him, constituted "substantial evidence" to rebut the presumption created by § 7A, inserted by St. 1947, c. 380,

in the workmen's compensation act, G. L. (Ter. Ed.) c. 152, that a claim for compensation for his death came within the provisions of the act, and warranted a finding that his death did not result from a personal injury arising out of his employment.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board denying compensation under the workmen's compensation act.

The case was heard by *Morton, J.*

*M. Palais,* (*M. Rosenthal* with him,) for the claimant.

*W. I. Badger, Jr.,* for the insurer.

SPALDING, J. This is an appeal by the widow of a deceased employee from a decree of the Superior Court dismissing her claim for compensation for his death. Facts not in dispute and those found by the single member are these: The employee was a salesman for a corporation engaged in selling household wares and electrical appliances at wholesale at its store in Boston. The greater portion of the employee's time was spent in soliciting orders outside of the store, but occasionally he would meet customers in the store, and during the Christmas season he was there more than ordinarily. Between four and four thirty o'clock on the afternoon of December 6, 1948, a fellow employee discovered the employee, who had been working in the store that day, lying unconscious on the floor of the stockroom. Nobody was present at the time the employee fell to the floor. When a doctor arrived shortly thereafter the employee was dead. There were cartons containing merchandise in the stockroom but there was no evidence that the employee had been handling any of them on the day of his death. The employee's death certificate recites as the cause of death "Acute cardiac failure Hypertensive heart disease Probably coronary sclerosis." Inferring that the employee suffered a heart attack, the single member concluded that the employee's death did not result from a personal injury arising out of his employment, and denied compensation. He ruled, however, that the presumption created by G. L. (Ter. Ed.) c. 152, § 7A, inserted by St. 1947, c. 380, did not apply. The reviewing board ruled

that the presumption applied but that it had been overcome by substantial evidence to the contrary. In other respects the decision of the single member was affirmed.

Unless the claimant is aided by the provisions of § 7A[1] she is not entitled to prevail, for apart from the presumption the board's decision was clearly warranted. We do not understand the claimant to contend otherwise. Since it does not affect the result, we assume without deciding that the employee's death occurred in such circumstances as would entitle the claimant to the benefit of the presumption. See *Goddu's Case*, 323 Mass. 397, 400; *Woloshchuck's Case*, 325 Mass. 10, 12; *Lapinsky's Case*, 325 Mass. 13, 15–16. But if there was "substantial evidence to the contrary" the presumption would disappear. *Lapinsky's Case*, 325 Mass. 13, 16. The board as stated above ruled that there was such evidence and the question for decision is whether this ruling was right. We are of opinion that it was.

There was evidence that the employee's death resulted from a heart attack; that the employee's duties did not call for the lifting or carrying of heavy objects; that on the day of his death he was not seen lifting or carrying anything; that earlier that day he had complained of symptoms that are commonly present in cases of coronary disorders; that at the place where he was discovered no cartons were found near him; and that shortly before the employee was discovered lying on the floor he was seen sitting in the stockroom reading a magazine. We are of opinion that the rebutting evidence here is much stronger than that in the cases of *Goddu*, *Woloshchuck*, and *Lapinsky* (cited above), on which the claimant relies, and was sufficient to put the presumption out of the case.

*Decree affirmed.*

---

[1] General Laws (Ter. Ed.) c. 152, § 7A, inserted by St. 1947, c. 380, reads as follows: "In any claim for compensation, where the employee has been killed or is physically or mentally unable to testify, it shall be presumed, in the absence of substantial evidence to the contrary, that the claim comes within the provisions of this chapter, that sufficient notice of the injury has been given, and that the injury or death was not occasioned by the wilful intention of the employee to injure or kill himself or another."