JOHN J. LYSAGHT's (dependents') CASE.

Suffolk. December 4, 1951. — January 9, 1952.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Workmen's Compensation Act,* Injuries to which act applies. *Proximate Cause. Agency,* Scope of authority or employment. *Evidence,* Presumptions and burden of proof. *Error,* Whether error harmful.

In a workmen's compensation case, it was for the Industrial Accident Board to determine whether the employee, a head porter in a large hotel who was usually stationed at a desk attending to the needs of guests and supervising the movement of all outgoing luggage, and who was neither required nor forbidden to move luggage himself, was acting within the scope of his employment in lifting luggage on an evening when he suffered a heart attack.

Evidence introduced by the insurer in a workmen's compensation case constituted "substantial evidence" to rebut the presumption created by § 7A, inserted by St. 1947, c. 380, in G. L. (Ter. Ed.) c. 152, that injury to the heart and resulting death of the employee, a head porter in a large hotel, arose out of and in the course of his employment, and where the record on appeal from a decree of the Superior Court awarding compensation did not disclose that a conclusion by the Industrial

Accident Board that the employee's injury was compensable was not the consequence of an erroneous ruling by it that the insurer had not introduced such evidence, the decree was reversed and the case ordered recommitted to the board to decide, upon the evidence already heard and without applying § 7A, whether the employee's injury did so arise.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Meagher*, J.

*F. B. Hobart*, for the self insurer.

*L. J. Sullivan*, for the claimant.

RONAN, J. This is an appeal by a self insurer from a final decree entered in the Superior Court adjudging that the employee had sustained a fatal injury which arose out of and in the course of his employment and awarding his widow dependency compensation.

The employee had for several years worked as a head porter at a large hotel having five hundred eighty rooms. He was in charge of all outgoing luggage of the guests during his hours of service, which were from three o'clock in the afternoon until twelve o'clock in the evening and sometimes later depending on the amount of work. He was usually stationed at a desk near a side entrance where he received telephone calls from guests inquiring about airplane, train and bus schedules, seeking travelling accommodations and tickets, and requesting the removal of their luggage from their rooms so that they could take it with them when they left the hotel.

On the evening of March 3, 1950, the employee left his desk at about nine fifteen o'clock and went to the timekeeper's office, which was located in another part of the hotel and which he reached by descending one flight of stairs, proceeding at a level for a short distance, and then ascending two flights of stairs. He arrived at the timekeeper's office between nine thirty and ten o'clock. He inquired of the timekeeper whether his, the employee's, tax return was finished. He looked pale, swayed a bit, and complained of a pain in his chest. A search for a doctor was

unsuccessful and he was taken home in an automobile. A physician was called and the employee was sent immediately to a hospital where he died a few hours after his admission. An autopsy disclosed that the cause of death was a "dissecting aneurysm of the aorta with rupture into pericardium and cardiac tamponade." This condition was described by witnesses as a degenerate disease of the middle coat or media of the large vessel which conducts the blood from the heart. As the disease progresses, small focal cysts develop which break down, permitting a dissection or splitting of the layers of this large vessel or the aorta and allowing the blood to enter the pericardium sac in which the heart is contained, and the escaping blood exerts sufficient pressure upon the heart to stop it from beating. Lifting or exertion by an individual having such a heart condition would be an adequate cause for the rupture of these small cysts and result in death.

There was testimony that the employee was not required to lift any luggage in the performance of his duties. There was evidence, which was believed by the single member and the board, that the employee told his wife and daughter when they inquired as to the cause of his illness that he had lifted something at work, that he advised his son at the hospital never to lift anything heavy, and that these statements of the employee were true. The employee was in the main engaged in supervising the movement of the luggage rather than in doing the actual moving himself. If in the course of his work it at times became necessary to move a piece of luggage among those piled up at his desk, it could hardly be said that this would not be a mere incident of his work which facilitated the flow of the outgoing luggage. If not required to move luggage, he was not forbidden to do so. It may be that he had little opportunity to move luggage from various parts of the hotel because he was kept busy at his desk attending to the needs of the guests. At any event, he was seen to "touch" luggage in the check room. Whether in doing whatever lifting he did he was acting within the scope of his employment was a question of fact

for the determination of the board. See *Demetre's Case,*
322 Mass. 95, 99.

The findings of the single member were adopted by the
reviewing board. He found that the employee suffered a
pain from lifting while at work; that such lifting and
ascending the stairs to the timekeeper's office would be
sufficient cause of the "dissecting aneurysm of the aorta
with rupture into pericardium and cardiac tamponade"
which resulted in his death. The single member then con-
tinued in his report as follows: "I find and rule on all the
facts and circumstances of this case that the insurer has not
by 'substantial evidence to the contrary' overcome the pre-
sumptive evidence under . . . [G. L. (Ter. Ed.) c. 152,
§ 7A, inserted by St. 1947, c. 380] . . . . I find and rule
that the employee on March 3, 1950, suffered a personal
injury arising out of and in the course of his employment
. . . which caused his death early the following morning."

The insurer introduced considerable evidence from lay
and medical witnesses which strongly tended to support its
contentions that the employee had not done any lifting
previous to the onset of the heart attack; that if the attack
was caused by lifting it would appear almost immediately
after the exertion; that he had not sustained any cardiac in-
jury up to the time he left his desk to visit the timekeeper;
and that there was no manifestation of any injury until
about the moment he arrived at the timekeeper's office and
after he had ascended two flights of stairs, the exertion from
which was adequate cause to produce the breaking of the
small blood vessels in the middle layer of a diseased aorta
and resulted in death. Such evidence cannot be said to be
not substantial and the finding and ruling so called of the
member (see *Roney's Case,* 316 Mass. 732, 734) adopted by
the board was wrong in fact and erroneous in law.

The statute, G. L. (Ter. Ed.) c. 152, § 7A, in cases where
it applies affords a powerful aid in the nature of a presump-
tion to a claimant in enabling him to sustain the burden of
proof without introducing affirmative evidence sufficient to
establish that the injury arose in the course of and out of

the employment, *Goddu's Case*, 323 Mass. 397, *Woloshchuck's Case*, 325 Mass. 10, and, unless this statutory presumption is met by substantial evidence to the contrary, it requires a finding as matter of law that the injury was causally connected with the employment. *Lapinsky's Case*, 325 Mass. 13, 16. *Stepner's Case, ante*, 230.

While the board found that the employee had lifted something at his work and that the strain from the lifting and the further exertion due to ascending the stairs to the timekeeper's office would be sufficient cause to bring on the heart attack which resulted in his death and reached the general conclusion that the injury arose out of and in the course of employment, we are not at all certain that it did not arrive at that conclusion by considering the claim as a compensable one in consequence of the erroneous ruling that the self insurer had not introduced substantial evidence to rebut the statutory presumption that it was such a claim. In effect, this amounted to disregarding strong probative evidence tending to negative the claimant's case. In these circumstances the decision of the board awarding compensation ought not to stand. The decree of the Superior Court is reversed and the case is to be recommitted to the board to decide, upon the evidence already heard and without applying § 7A, whether the employee's injury arose in the course of and out of his employment. *Ward's Case*, 286 Mass. 72, 77. *Di Clavio's Case*, 293 Mass. 259, 261–262. *Evans's Case*, 299 Mass. 435, 437–438. See *Kelly* v. *Citizens Finance Co. of Lowell, Inc.* 306 Mass. 531, 534; *O'Keefe* v. *William J. Barry Co.* 311 Mass. 517, 520–521.

*So ordered.*