JOHN P. RAMOS's (dependent's) CASE.

Bristol.   October 28, 1953. — December 30, 1953.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Workmen's Compensation Act,* Injuries to which act applies.  *Proximate
Cause.  Evidence,* Presumptions and burden of proof.  *Error,* Whether
error harmful.  *Words,* "Substantial evidence."

Evidence in a workmen's compensation case that an employee who died
    of a heart attack while at work had a heart disease such that "there
    . . . [was] no way of telling when" it might cause death and that
    he "was liable to pass away at any time," and that his conduct on
    the day of his death was normal was "substantial evidence" that his
    death was attributable solely to the disease and not to his employ-
    ment and made inapplicable the presumption under G. L. (Ter. Ed.)
    c. 152, § 7A, inserted by St. 1947, c. 380, that his death resulted from
    an injury arising out of his employment.  [689]
An erroneous ruling by the Industrial Accident Board that the presump-
    tion under G. L. (Ter. Ed.) c. 152, § 7A, inserted by St. 1947, c. 380,
    was applicable in a workmen's compensation case following an em-
    ployee's death from a heart attack while at work did not preclude
    affirmance of a decree awarding compensation where the evidence
    warranted findings made by the board to the effect that by reason of
    a preëxisting heart disease of the employee and the exertion involved
    in the performance of his work the heart attack was an injury arising
    out of his employment, and the erroneous ruling was merely supple-
    mentary to the board's findings and not a necessary part of its decision
    and might be disregarded.  [689]

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Sullivan*, J.

In this court the case was submitted on briefs.

*Gerald P. Walsh*, for the insurer.

*David Entin*, for the claimant.

WILLIAMS, J. The insurer appeals from a decree of the Superior Court awarding compensation to the widow of the employee who died on December 9, 1950, from an alleged fatal injury received while in the employ of Fall River Gas Works Company. G. L. (Ter. Ed.) c. 152. The decedent, a man fifty-three years of age, had worked for the company about thirty-two years. On the morning of December 9 he began work at 7 A.M. and worked until 12 noon cleaning out the furnace by breaking up and removing heavy clinkers. It was work of a kind he was accustomed to perform. He had lunch and then worked at the purifier removing oxide until about 2 P.M., when he went out in the yard to smoke. Shortly thereafter he was found in the yard dead, his body face down upon the ground with a cut extending across the nose. Blood was coming from the nose and mouth. According to the death certificate the cause of death was "Coronary Occlusion. Coronary Sclerosis. Chronic Myocarditis." The only medical evidence other than the death certificate was from the decedent's physician who testified that he had examined the decedent on November 2, 1950, and then "reached the conclusion that this man was suffering from a heart condition, more specifically, the beginning of a coronary heart disease," that "once that coronary disease progresses, there is no way of telling when the blood vessels will become stopped or occluded, causing death," and that the nature of the coronary disease from which the employee was suffering was such "that he was liable to pass away at any time. People with this coronary disease pass away frequently when in bed asleep or when they are walking around the house or on the street." Although the doctor prescribed rest and advised the employee to stay away from

work, the latter continued with his usual employment. On the night before his death, he complained to his wife of pain in his upper left chest. On the following morning he made no complaints but laughed and joked with his fellow employees and was "jolly" when he left for the smoke.

The single member who heard the case stated in his decision that "I cannot escape the conclusion that since the employee's heart condition was so advanced on December 9, 1950, it was not necessary to place any strain or stress on his heart to cause death, that it necessarily follows, and it is fair to assume, that the least exertion required in this particular work was sufficient on this day to hasten his death sooner than it ordinarily would occur. I am of the opinion that these facts warrant a finding that the death arose out of and in the course of his employment and claimant is entitled to the benefit of the presumption under § 7A of the act. I find that the employee's death was hastened by the exertion from the work he was doing on December 9, 1950. On all of the evidence, I rule and find that the deceased employee's death arose out of and in the course of his employment." On review it was stated by the reviewing board in its decision: "The reviewing board, on consideration of all the evidence, affirm and adopt the findings and decision of the single member and find further that on the day of the employee's death he was required in the course of his work to perform work which involved considerable strain and stress and that in all probability affected his heart, inducing the injury which resulted in his death and that accordingly, his death was causally related to such work. (*Brzozowski's Case*, 328 Mass. 113.) The reviewing board find further that the provisions of G. L. c. 152, § 7A, have application to this claim and the reviewing board find the insurer has failed by substantial evidence to overcome the presumption in favor of the claimant in the latter section." Section 7A of c. 152, inserted by St. 1947, c. 380, to which reference was made, provides in part that "where the employee has been killed . . . it shall be presumed, in the absence of substantial evidence to the contrary, that the claim comes

within the provisions of this chapter . . . ." This presump-
tion "applies to every element of the claim to compensa-
tion, to the requirement that the injury arise out of the
employment as well as the requirement that it arise in the
course of the employment" (*Woloshchuck's Case*, 325 Mass.
10, 12), and the words "substantial evidence to the con-
trary" mean evidence "such 'as a reasonable mind might
accept as adequate to support a conclusion.'" *Goddu's
Case*, 323 Mass. 397, 401. In our opinion the reviewing
board erred in ruling that the presumption was applicable
to the present claim. The evidence as to the likelihood of
the decedent's death from a coronary attack independent
of any physical exertion and of his apparently normal con-
duct on the morning of December 9 until practically up to
the time of his death was substantial evidence that the
death was caused solely by his coronary heart disease and
was not attributable to his employment. See *Stepner's Case*,
328 Mass. 230; *Lysaght's Case*, 328 Mass. 281. Compare
*Lapinsky's Case*, 325 Mass. 13, 16. Apart from the presump-
tion there was sufficient evidence to warrant the decision of
the board. *Brzozowski's Case*, 328 Mass. 113. The ruling
as to the applicability of § 7A appears to be supplemen-
tary to the findings on which the conclusion of the board
was based and not a necessary part of the decision. See
*O'Flaherty's Case*, 325 Mass. 303; *Brzozowski's Case, su-
pra*. It may be disregarded.

Costs under G. L. (Ter. Ed.) c. 152, § 11A, inserted by
St. 1945, c. 444, shall be allowed by the single justice.

*Decree affirmed.*