JOHN J. LYSAGHT'S (dependent's) CASE.

Suffolk. May 3, 1954. — June 4, 1954.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Workmen's Compensation Act*, Injuries to which act applies. *Proximate Cause.*

Evidence in a workmen's compensation case supported a conclusion by the Industrial Accident Board that a cardiac rupture bringing about the death of a head porter in a large hotel who already had a heart disease "was due to . . . lifting . . . and to the exertion of ascending two flights of stairs to the timekeeper's office" and was a personal injury arising out of and in the course of his work.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

Following the decision of this court reported in 328 Mass. 281 and further proceedings in the Industrial Accident Board, the case was heard by *Forte*, J., by whose order a decree was entered awarding dependency compensation to the employee's widow. The self insurer appealed.

*Frederick B. Hobart*, for the self insurer.

*Lawrence J. Sullivan*, for the claimant.

COUNIHAN, J. When this case was here before (*Lysaght's Case*, 328 Mass. 281) we reversed a decree of the Superior Court awarding dependency compensation to the widow of a deceased employee. We did this because a reviewing board had based its findings and decision upon the application of the presumption created by G. L. (Ter. Ed.) c. 152, § 7A, inserted by St. 1947, c. 380, which we found to be error.

We ordered that the case be recommitted to the Industrial Accident Board to decide, upon the evidence already heard and without applying § 7A, whether the employee's injury and death arose in the course of and out of his employment. Accordingly a reviewing board considered the case anew upon the evidence already heard. It struck from the decision of the single member all reference to § 7A. It then made new findings and a decision, without applying the presumption created by § 7A, that "the rupture [of the aorta] in this case which caused the employee's death was due to the lifting related by the employee to his wife and daughter and to the exertion of ascending two flights of stairs to the timekeeper's office and that this was a personal injury which arose out of and in the course of the employee's work and which caused his death shortly thereafter."

The evidence upon which the decision of the board was based was fully stated in *Lysaght's Case*, 328 Mass. 281, and need not be recited here. It seems needless to repeat that the findings and decision of a reviewing board are to be sustained wherever possible and they are not to be reversed unless they are wholly lacking in evidential support or are

tainted by error of law. *Paltsios's Case,* 329 Mass. 526, 528. *McMurray's Case, ante,* 29, 32. Here the findings and decision of the board are supported by the evidence and there appears to be no error of law. See *Bradford's Case,* 319 Mass. 621.

The case was recommitted by us for the board to decide, apart from § 7A, whether the employee's injury arose in the course of and out of his employment. The board decided that it did. The decree must be affirmed. Costs and expenses of this appeal under G. L. (Ter. Ed.) c. 152, § 11A, inserted by St. 1945, c. 444, shall be allowed by the single justice. The proceedings in this case were not defended without reasonable ground so that G. L. (Ter. Ed.) c. 152, § 14, does not apply.

*So ordered.*