BERTRAM S. CRAWFORD'S (dependents') CASE.

Suffolk.    April 5, 1960. — April 27, 1960.

Present: WILKINS, C.J., SPALDING, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Workmen's Compensation Act*, Findings by Industrial Accident Board, Recommittal to Industrial Accident Board.

A record in a workmen's compensation case, in which there were no subsidiary findings by the Industrial Accident Board whatsoever with respect to the circumstances of an injury to the employee found to have culminated in his death, was inadequate to enable this court to deter-

mine whether or not the board applied correct rules of law in awarding compensation to the claimant, and a final decree of the Superior Court enforcing the award must be reversed and the case remanded to the board for further findings and proceedings.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Tomasello, J.*

*Timothy H. Donohue*, for the insurer.

*Charles B. Garabedian*, for the claimants.

CUTTER, J.  The employee was a boiler fireman at Lawrence Print Works.  On April 17, 1958, his shift was from midnight to 8 A.M.  He was taken sick at some time before 3 A.M. and called the engineer in charge by telephone.  The engineer went to the works and arranged for the employee to go home.  That afternoon he was seen by a doctor.  On the evening of April 22, a cardiogram was taken at a doctor's office.  Early in the morning of April 24, the employee had a fatal heart seizure.  A single member of the Industrial Accident Board awarded dependency compensation and made, on the issue of liability to pay compensation, only the findings set out in the margin.[1]  There were no subsidiary findings whatsoever with respect to the circumstances of the injury.  Without supplementing the findings on this issue made by the single member, the reviewing board adopted the findings and decision of the single member, except for a change in the date of the initial payment of compensation.  In the Superior Court a final decree was entered enforcing the decision of the board.  The insurer has appealed.

1. There have been no "such specific and definite findings upon the evidence reported as will enable this court to determine with reasonable certainty whether correct rules

[1] "Based on the material, creditable evidence introduced during the course of the hearing, I find that the employee suffered a personal injury arising out of and in the course of his employment on April 17, 1958, . . . diagnosed as an acute coronary occlusion with myocardial infarction.  I further find that the condition extended over a period of approximately one week, causing sufficient damage to accelerate and hasten the death of the employee.  I find that the demise of the employee was causally related to his employment."

of law have been applied." *Judkins's Case,* 315 Mass. 226, 227. *Messersmith's Case, ante,* 117, 120. *Ackroyd's Case, ante,* 214, 220–221. Accordingly, the case must be remanded to the board so that it may clarify and supplement its findings.

In some cases, see e.g. *Messersmith's Case, supra,* at p. 120, where, as here, the single member and the board have made inadequate subsidiary findings, we, before remanding the case, have examined the record to determine whether the evidence, including all rational inferences, was insufficient in law to establish that the employee's death or injury arose out of and in the course of his employment. This has been done, see *Roney's Case,* 316 Mass. 732, 739–740, to avoid remanding a case for findings which in any event would prove to be futile. Here, however, there has been in effect a complete failure to make vital subsidiary findings on a twenty-five page printed record composed largely of oral testimony. In view of our disposition of the case, we do not summarize this testimony. In fairness to all the parties, we should have the benefit of proper subsidiary findings by the trier of questions of fact before we decide whether the evidence warranted the conclusions of the board. Particularly is this so where the presumption contained in G. L. c. 152, § 7A (inserted by St. 1947, c. 380), has been rendered inapplicable by medical testimony produced by the insurer as well as by substantial testimony that Crawford's duties were light and required no very active exertion during the period when he became ill. See *Lysaght's Case,* 328 Mass. 281, 284–285, *S. C.* 331 Mass. 451; *LeBlanc's Case,* 332 Mass. 334, 337. Cf. *Goddu's Case,* 323 Mass. 397, 401–403; *Woloshchuck's Case,* 325 Mass. 10, 12; *Lapinsky's Case,* 325 Mass. 13, 15–17.

2. The decree is reversed. The case is to be remanded to the Industrial Accident Board for the necessary further findings and for such further proceedings consistent with this opinion as the board may consider to be appropriate.

*So ordered.*