WALTER J. LYNCH's (dependent's) CASE. June 5, 1967. This is an appeal from a decree of the Superior Court denying dependency compensation to a claimant widow after the single member of the Industrial Accident Board found that the employee's death did not arise out of, or in the course of, his employment and was not causally related to an industrial accident. The reviewing board adopted the findings of the single member. The employee was found dead in front of a tumbling machine which he operated at his place of employment. The case was submitted under the provisions of G. L. c. 152, § 7A, which establishes the presumption on an employee's death that the claim comes within the provisions of the chapter, that sufficient notice of injury was given, and that the death "was

---

[1] Several residents near the locus and in the same zoning district.
[2] Edward E. Jacobs.

not occasioned by the wilful intention of the employee." The presumption, however, disappears if there is substantial evidence of no causal connection between the employment and the death. *Lapinsky's Case,* 325 Mass. 13, 16, and cases cited. In this case the death certificate ascribed the employee's death to an "Acute Coronary Occlusion" and a medical expert testified that the cause of death was a "sudden cardiovascular incident" unrelated to his employment. This evidence was sufficient to make the presumption inapplicable and there was thus no error. *Stepner's Case,* 328 Mass. 230. *LeBlanc's Case,* 332 Mass. 334.

*Decree affirmed.*

*Henry A. Moran, Jr.,* for the claimant.

*John D. Ross, Jr., & George W. Leary,* for the insurer, submitted a brief.