JOSEPH C. RIORDAN'S (dependent's) CASE.  November 6, 1972.  The employee's widow (the claimant) made a claim for compensation which was denied by the single member and the reviewing board of the Industrial Accident Board and by the Superior Court.  The employee died while at work and the claimant asserts that under G. L. c. 152, § 7A, there is a presumption that the claim comes within the provisions of the chapter.  Section 7A was amended by St. 1971, c. 702, to provide that where the employee has been "found dead at his place of employment" it shall be "prima facie evidence" that the claim comes within the chapter, but the amendment does not apply to this case, which came on for hearing by the single member before the effective date of the amendment.  See *Smith* v. *Freedman,* 268 Mass. 38, 41.  Under

either form of the statute, there is no error. The burden of proof remains on the employee. *Goddu's Case*, 323 Mass. 397, 400. The artificial force of a presumption or of prima facie evidence, compelling a finding, disappears when the evidence warrants a finding to the contrary. *Cook* v. *Farm Serv. Stores, Inc.* 301 Mass. 564, 566. *Lysaght's Case*, 328 Mass. 281, 284–285. Very much as in *Lynch's Case*, 352 Mass. 782, 783, there was in this case substantial evidence that the death was caused by a sudden coronary thrombosis and that there was no causal connection between the employment and the death.

*Decree affirmed.*

*Robert G. Smith* for the claimant.
*Anthony D. Pompeo* for the insurer.