WALTER ILJINAS'S (dependent's) CASE. January 31, 1975. The insurer appeals from a final decree of the Superior Court affirming a decision of the reviewing board awarding dependency compensation. 1. The employee was found dead at his place of employment. As both parties concede that G. L. c. 152, § 7A, as amended by St. 1971, c. 702 (which took effect during the course of the hearings before the single member), is applicable to this case, the insurer's contention that the claimant failed to sustain her burden of proof fails. *Riordan's Case,* 362 Mass. 882 (1972), does not hold that the force of prima facie evidence *warranting* a finding disappears when the evidence warrants a finding to the contrary. 2. After the insurer objected to the hypothetical question put to the claimant's medical expert on the ground that it assumed certain facts not in evidence, the witness was directed to answer the question without assuming any of the facts objected to. The defects objected to were thereby cured. The additional assumption thereafter

704            3 Mass. App. Ct. 700

Rescript Opinions.

added, that the employee had worked that day and that evening performing his usual duties, could have been found from the evidence and inferences which could properly be drawn therefrom. *Anderson* v. *Albertstamm,* 176 Mass. 87, 91-92 (1900). McCormick, Evidence, § 14, p. 33 (2d ed. 1972). Hughes, Evidence, § 328, p. 418 (1961).

*Decree affirmed.*

*Ernest W. Piper, Jr.,* for the insurer.
*Paul F. X. Powers* for the claimant.